**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN GREEN, | Civil Action No. 15-02318(SDW)(SCM) |
| Plaintiff, | |
| v. | **OPINION** |
| NETSUITE, INC., | |
| Defendant. | October 19, 2015 |

**WIGENTON,** District Judge

      Before this Court is Defendant NetSuite, Inc.'s Motion to Compel Arbitration and Dismiss Plaintiff's Complaint. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, NetSuite's Motion is **DENIED**.

### I.      JURISDICTION AND VENUE

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### II.      BACKGROUND

Plaintiff Kevin Green, who is a former employee of Defendant NetSuite, Inc., brought the underlying claim against the Defendant for violation of the New Jersey Conscientious Employee

Protection Act, N.J.S.A., 34:19-1, *et seq*. Defendant moved to compel arbitration of Plaintiff's claim and to dismiss the Complaint pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. According to Defendant, Plaintiff's claim is subject to an arbitration agreement which applies to Defendant's "Texas, Illinois, and New York based employees." (*See generally* Def.'s Br. Supp. Mot. Compel Arb. and Dismiss ("Def.'s Br. Supp.").) Plaintiff denies that he was a "New York based employee" because, among other factors, he worked solely from his home in New Jersey and reported to a California-based manager. (*See generally* Compl.; Pl.'s Br. Opp'n Def.'s Mot. Compel Arb. and Dismiss ("Pl.'s Br. Opp'n").) Thus, the issue before the Court is whether Plaintiff was Defendant's "New York based employee" and, therefore, subject to the arbitration provision.

Plaintiff is an individual and resides in Mendham, New Jersey. (Compl. ¶ 1.) Defendant is a "cloud business software" corporation incorporated in the state of Delaware which has its principal place of business in California and maintains one of its offices in New York. (*Id*. ¶¶ 2, 7, 13.) Plaintiff signed an agreement titled "At-will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement" (the "Employment Agreement") (Green Certification ("Green Certif.") Ex. A., at 1.) and began working for Defendant on May 12, 2014. (Compl. ¶ 10.)

At the outset of the Employment Agreement it states, "For All Employees Outside of California." (Green Certif. Ex. A., at 1.) Furthermore, Section 14 of the Employment Agreement, titled "Arbitration and Equitable Relief" states "I acknowledge the arbitration provisions set forth in <u>Attachment 2</u> which are applicable to my jurisdiction." (*Id.* at 10.) Attachment 2 to the Employment Agreement contains several "[s]tate [s]pecific" arbitration provisions, including one titled "For Texas, Illinois, and New York Based Employees." (the "Arbitration Agreement") (*Id.* at 17-18.) Under the Arbitration Agreement, "New York based employees" are compelled to

arbitrate claims "arising out of . . . the termination of [the] employment relationship, including, but not limited to, claims for . . . retaliation." (*Id*. at 17.) Since Plaintiff alleges Defendant terminated him for retaliatory reasons (Compl. ¶ 5.), Defendant contends that Plaintiff's claim is subject to the Arbitration Agreement. (Def.'s Br. Supp. 11–13.) However, Plaintiff claims that he is in fact a New Jersey-based employee and that his claim is, therefore, not subject to the Arbitration Agreement. (Pl.'s Br. Opp'n 9-12.)

The Employment Agreement does not define "New York based employees." (*See* Green Certif. Ex. A.) However, Defendant contends that a number of additional factors show Plaintiff was a "New York based employee": Before signing the Employment Agreement, Plaintiff signed an Offer Letter ("Offer Letter") dated April 25, 2014. (*See* Compl. ¶ 9.) The Offer Letter stated that the Employment Agreement Plaintiff would later sign contained an obligation "to arbitrate disputes between you and NetSuite." (Taylor Certification ("Taylor Certif.") Ex. A. ¶ 5.) Plaintiff also signed a "Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the New York State Labor Law" which was referred to in the Offer Letter and listed Defendant's New York office address. (*Id*. ¶ 1; Taylor Certif. Ex. B.) In addition, Plaintiff's 2014 income tax filing included a New York State E-File Signature Authorization form. (Green Certif. Ex. B.) Finally, in a June 26, 2014 e-mail to a NetSuite employee, Plaintiff referred to himself as being "assigned to the Ny [sic] office." (Green Certif. Ex. C.) Plaintiff also stated that he "[w]ould prefer to work virtual [sic] and go to New York and use the hoteling" in a June 3, 2014 e-mail to his supervisor. (*Id*.)

In support of his assertion that he is *not* a "New York based employee," and thus not bound by the Arbitration Agreement, Plaintiff stresses that his home office was located in New Jersey, which was his "primary company office;" he did not have an office in New York; he

never worked in New York; and he never visited Defendant's New York office. (Compl. ¶¶ 11–13.) Additionally, Plaintiff points out that a subsection in the Arbitration Agreement governing procedure states that "[a]ny arbitration hereunder will take place in . . . (III) New York, New York if my home office is located in New York." (Green Certif. Ex. A., at 18.) According to Plaintiff, this language implies that employees with "home offices" in non-articulated states are not required to arbitrate disputes with Defendant. (Compl. ¶ 14; Pl.'s Br. Opp'n 9-10.) Furthermore, Plaintiff maintains that he filed his 2014 income tax return with the State of New Jersey, received unemployment benefits from New Jersey after Defendant terminated him, and only reported directly to Defendant's California office. (Green Certif. ¶¶ 4–7.) Plaintiff also received computer equipment from Defendant for use in his home in New Jersey (Compl. ¶ 17.) and listed a New Jersey phone number in his NetSuite e-mail signature section. (Green Certif. ¶ 8.)

Finally, the Offer Letter, which itself uses the Defendant's California office address, notified Plaintiff that he would report to Peter Anderson. (Taylor Certif. Ex. A. ¶ 1.) Peter Anderson, who was Plaintiff's "direct supervisor at NetSuite, Inc . . . . worked exclusively from" NetSuite's California office throughout Plaintiff's employment at NetSuite, Inc. (Green Certif. ¶ 10.)

### III.    LEGAL STANDARD

Disputes as to "arbitrability generally fall into two categories—(1) when the parties dispute 'whether [they] have a valid arbitration agreement at all' (whose claims the arbitrator may adjudicate); and (2) 'when the parties are in dispute as to whether a concededly binding arbitration clause applies to a certain type of controversy' (what types of controversies the arbitrator may decide)." *Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326, 332 (3d Cir. 2014)

*cert. denied*, 135 S. Ct. 1530 (2015) (quoting *Puleo v. Chase Bank USA, N.A.,* 605 F.3d 172, 178 (3d Cir. 2010) (en banc) (internal quotation marks and citation omitted)). In analyzing these issues, the court must bear in mind that since "'[a]rbitration is a matter of contract between the parties,' a judicial mandate to arbitrate must be predicated upon the parties' consent." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 771 (3d Cir. 2013) (quoting *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.,* 636 F.2d 51, 54 (3d Cir. 1980)); *Par–Knit Mills, Inc.* 636 F.2d at 54 ("Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect.").

In considering a motion to dismiss and compel arbitration, a court must first determine whether the complaint establishes arbitrability on its face. *Guidotti*, 716 F.3d at 774-75. When the complaint does not show an agreement to arbitrate on its face, or when "the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound,'" applying a motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is inappropriate. *Guidotti*, 716 F.3d at 774 (quoting *Par–Knit Mills, Inc.* 636 F.2d at 55). Rather, the court must apply a summary judgment standard under Federal Rule of Civil Procedure 56. *Guidotti*, 716 F.3d at 774. Under the summary judgment framework, "[t]he burden is on the moving party to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Shri Lakshmi Cotsyn LTD v. Textile Decor USA, Inc.*, No. 2:12-CV-01605, 2013 WL 1285381, at *1 (D.N.J. Mar. 25, 2013).  Thus, under the summary judgment standard, the movant must establish that there is no genuine issue of material fact as to the existence of a binding arbitration agreement. *Par-Knit Mills, Inc.*, 636 F.2d at 54. Additionally, the court must give the non-moving party "the benefit of all reasonable doubts and inferences that may arise." *Id.*

5

IV.     DISCUSSION

Plaintiff argues in his Opposition to Defendant's Motion to Compel Arbitration and Dismiss the Complaint that the Arbitration Agreement is inapplicable to this dispute since Plaintiff was not a "New York based employee." (Pl.'s Br. Opp'n at 9-12.) Since this is a dispute as to "whose claims the arbitrator may adjudicate," the Court must determine whether it should apply a motion to dismiss or summary judgment standard. *See Opalinski*, 761 F.3d at 332; *Guidotti*, 716 F.3d at 774-75.

Although the Complaint does mention the Arbitration Agreement, the Complaint also disputes whether Plaintiff was a "New York based employee" subject to the Arbitration Agreement. (Compl. ¶ 10.) Thus, the Complaint does not establish arbitrability on its face. Since the Complaint does not establish arbitrability on its face, the court must apply a summary judgment standard. *See Guidotti*, 716 F.3d at 774-75.

Under the summary judgment standard, Defendant must establish that there is no genuine issue of material fact as to the Arbitration Agreement's applicability to Plaintiff. *Par-Knit Mills, Inc.*, 636 F.2d at 54. In other words, Defendant must show that a reasonable jury would have to determine that Plaintiff was a "New York based employee" governed by the Arbitration Agreement.

On the factual record currently before the Court, Defendant has not established as a matter of law that Plaintiff was a "New York based employee" under the Arbitration Agreement. The term "New York based employee" is undefined in the Employment Agreement. (*See* Green Certif. Ex. A.)  For every factor that weighs in favor of Plaintiff being a "New York based employee" there are several others which weigh in the opposite direction: Plaintiff solely worked from a New Jersey location (Green Certif. ¶ 9.) and he reported to Defendant's California office.

6

(Green Certif. ¶ 4.) The Employment Agreement left open the possibility that none of the arbitration provisions would apply to the Plaintiff. (*See* Green Certif. Ex. A., at 10.) The Offer Letter used the Defendant's California letterhead and notified Plaintiff that he would report to a California-based supervisor. (Taylor Certif. Ex. A.)

Additionally, to the extent that the term "New York based employee" is ambiguous (i.e., that it is reasonably susceptible to more than one interpretation), it must be construed against Defendant as drafter of the Employment Agreement.[1] *See Caruso v. Ravenswood Developers, Inc.*, 767 A.2d 979, 983 (N.J. Super. Ct. App. Div. 2001) ("If there is an ambiguity in the language of [an] arbitration clause, it should be construed against the party that drafted it.") (citation omitted); *see also LaFurno v. Virbac Corp.*, No. CIV.A. 11-4774 (SRC), 2012 WL 646029, at *4 (D.N.J. Feb. 24, 2012) ("any ambiguity must be resolved against the [party] who drafted the Agreements") (citing *Lockhart v. Holiday Homes of St. John's, Inc.,* 678 F.2d 1176, 1184 (3d Cir. 1982)); Restatement (Second) of Contracts § 206 (1981). Therefore, Defendant's Motion to Compel Arbitration and Dismiss the Complaint must be denied.

## V.     CONCLUSION

For the reasons stated above, Defendant's Motion to Compel Arbitration and Dismiss the Complaint is **DENIED**. An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:         Clerk
cc:           Leda D. Wettre, U.S.M.J.
              Parties

---

[1] The question of the formation of the Arbitration Agreement is governed by state law contract principles. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995). Since the parties exclusively cite to New Jersey and federal law they appear to agree that New Jersey state law governs the formation of the Employment Agreement.